of Savings, Loan & Discount and Hovey v. Home Ins. Co., Blum. Bankr. p. 283. That amendment provides that in cases of compulsory bankruptcy no offset shall be allowed of a claim purchased or transferred after the act of bankruptcy in respect of which the adjudication shall be made, and with a view of making such set-off. In voluntary cases the original language of the act has been suffered to stand, and the set-off is prohibited only when purchased or transferred after the filing of the petition.

I recognize the force of the argument made by the learned judge in Hitchcock v. Rollo [supra], but I cannot admit it to be sufficient to countervail the suggestions contained in In re City Bank of Savings, Loan & Discount [supra], and in the elaborate opinion delivered in Hovey v. Howe Ins. Co. [supra]. The latter derives much support from the case of Sawyer v. Hoag, 17 Wall. [84 U. S.] 610. Independently, however, of these authorities, I must consider the amendment above cited as an implied legislative adoption of the construction given to the act in the two cases I have mentioned. The amendment, Mr. Blumenstiel observes, was adopted in view of those decisions, and the careful restriction of its terms to compulsory cases and to cases where the offset has been acquired after the commission of the very act of bankruptcy on which the adjudication is based, seems to indicate quite clearly that congress intended to leave the law with regard to voluntary cases to be administered according to the construction given to it in the cases referred to. The objection to the allowance of the set-off must, therefore, be disallowed.

It is also objected that the claim is for unliquidated damages which have not been assessed under the direction of the court. But the debt is a provable debt, and therefore available as a set-off. If the damages have not been assessed, an application to the court for the purpose can be made, although I can see no objection to taking that proceeding in this suit—to which the assignee is a party, and in which he will have ample opportunity to reduce the claim for damages to its just proportions.

---

LLOYD (UNITED STATES v.). See Cases Nos. 15,614–15,619.

---

## Case No. 8,437.

### LLOYD v. YOST.

[Nowhere reported; opinion not now accessible.]

---

LOBDELL (BURLEIGH ROCK DRILL Co. v.). See Case No. 2,166.

LOCH GOIL, The (CURRY v.). See Case No. 3,495.

## Case No. 8,438.

### LOCK v. PENNSYLVANIA R. CO. et al.

[1 N. Y. Law J. 227.]

Circuit Court, D. New Jersey. July 23, 1878.

#### PRACTICE.

1. A complainant cannot acquiesce in the taking of testimony, and afterwards object to it for want of notice.

2. Semble. Where a defendant gives notice of a prior use of the invention by a specified person, he is not obliged to call the person indicated, but may prove the fact by some one else.

This was an application to the court by the complainant to strike from the record the testimony of certain witnesses, upon the grounds, substantially, that no proper foundation has been laid in the answer for their examination, under the provisions of section 4920 of the Revised Statutes of the United States. That section provides, amongst other things, that where the answer sets up the previous invention, knowledge or use of the thing patented, the defendants shall state the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used. The defendants in their answer allege that the complainant was not the original and first inventor of the thing claimed as new in his letters patent; that, anterior to his supposed invention, the same was used in various places, and was known to and used by divers persons in the United States, and, among others, certain parties named.

Before McKENNAN, Circuit Judge, and NIXON, District Judge.

NIXON, District Judge (after reviewing the facts). 1. The motion comes too late as to Dripps & Wood. They were examined without objection, and it does not appear from the record that the complainant raised any question as to their competency until after the close of their examination. It is well settled, as a matter of practice, that complainant cannot acquiesce in the taking of testimony under such circumstances, and afterwards object to it for want of notice. The law does not allow such experiments to be made. See the opinion of this court in Roemer v. Simons [Case No. 11,997], and the subsequent affirmation of the case by the supreme court in 95 U. S. 214.

2. Nor does the objection apply to the evidence of Buzby. His name is given in the answer, and he is described as a resident of Bordentown, N. J. I think that this is sufficiently definite where the witness resides in a small place like Bordentown. Slight inquiry would find him if he was there. A different rule would probably have been applied to a large city like Philadelphia, if the complainant had not waived the objection by allowing the examination of Mr. Dripps.

3. I have had more difficulty in allowing to stand the testimony of the other witnesses, whose names were not disclosed in the an-